NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARON RENE BENAVIDES, | No. 20-70872 |
| Petitioner, | A089-294-403 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2026 [**]
San Francisco, California

Before: M. SMITH and R. NELSON, Circuit Judges, and MORRIS, Chief District Judge. [***]

Petitioner Aron Rene Benavides ("Benavides"), native and citizen of Mexico, petitions for review on two grounds. Benavides first contends that the Board of Immigration Appeals ("BIA") violated his due process rights by denying his motion

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Brian Morris, United States Chief District Judge for the District of Montana, sitting by designation.

1

for a continuance of his hearing. Benavides asserts that the continuance would have provided him with additional time for his wife to undergo surgery to determine whether his removal would cause his wife exceptional and extremely unusual hardship. Benavides also seeks review of the BIA's decision dismissing his appeal of an order from an Immigration Judge ("IJ"), which denied his application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1). Because the parties are familiar with the factual and procedural history of the case, we need not recount it here. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1.    The IJ did not violate Benavides's due process rights by denying his motion for a continuance. "We generally review claims of due process violations in deportation proceedings de novo." *Getachew v. INS*, 25 F.3d 841, 845 (9th Cir. 1994). Here, the record reflects that Benavides never moved for a continuance for his wife to undergo surgery to determine whether Benavides's removal would result in exceptional and extremely unusual hardship to her. Benavides instead requested a continuance to produce evidence of his potential paternity and custody of his son. Even if the record did show that Benavides requested a continuance, he did not argue that he did so on appeal before the BIA. Instead, Benavides claimed before the BIA that his request for the continuance was related to producing evidence on the consequences of removal for his son. Neither his appeal from nor his brief before the BIA raised his current argument. Thus, we decline to rule upon it because we

2

may not reach the merits of a legal issue that was not presented to the BIA. *See Shen v. Garland*, 109 F.4th 1144, 1157–58 (9th Cir. 2024).

Even if Benavides means to challenge the IJ's denial of his continuance request on the grounds that he raised before the BIA, the IJ eventually granted each of Benavides's requests. Thus, we affirm the BIA's finding that there was no prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). The IJ further allowed Benavides time to submit additional documentary evidence in support of his application upon conducting the final hearing in the matter. Benavides failed to request a continuance after the hearing. Consequently, Benavides fails to show that the IJ violated his right to due process.

Respondent asserts that we lack the jurisdiction to review the IJ's determination that Benavides failed to establish the necessary hardship. But the U.S. Supreme Court in *Wilkinson v. Garland* concluded that a court of appeals may review "the application of the exceptional and extremely unusual hardship standard to a given set of facts" as the standard is "a legal standard that an IJ must . . . apply to a set of established facts." 601 U.S. 209, 217 (2024). Such a review falls under a "question of law." *Id*. Benavides challenges the IJ's application of the facts specific to Benavides's claims to the exceptional and extremely unusual hardship standard. We retain jurisdiction to review Benavides's claim as a mixed question of law and fact. We review the BIA's application of the hardship standard to the facts here for

substantial evidence. *See Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025).

Substantial evidence supports the conclusion that Benavides fails to meet his burden to prove that his removal would cause his wife exceptional and extremely unusual hardship. Exceptional and extremely unusual hardship amounts to hardship that is "out of the ordinary and exceedingly uncommon." *Id*. at 1006. We apply a comparative approach when assessing the hardship in a case "to the hardship that results in the usual, ordinary course when an [petitioner] is removed." *Id*. This comparative approach requires the hardship to be "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country." *Id*. (citing *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001)).

The record demonstrates that any hardship that Benavides's wife would suffer upon his removal to Mexico fails to differ from the hardship that another similarly situated person whose family members are removed from this country would face. *Id*. Benavides plays a role in managing his wife's carpel tunnel syndrome and other pain conditions. Benavides aids his wife by massaging her, bringing her water, driving her to medical appointments, and handling household chores. Benavides also provides additional financial support to the household. Benavides's wife testified that she relied on Benavides's health insurance primarily given its wider coverage. Benavides's wife maintains employment that provides her with health insurance.

4

Benavides's role and financial support, however, fail to rise to a hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country." *Id.* (internal quotation omitted).

The record supports that Benavides's wife suffers no greater hardship than "the usual, ordinary course" when a person is removed. *Id*. Benavides fails to demonstrate that his wife or another person could not assume the responsibility of managing his wife's pain symptoms, driving her to appointments, and handling household chores. Benavides testified to encouraging his wife to learn to drive without providing a reason for her refusal to learn. Benavides similarly fails to show that his wife cannot financially support herself when she maintains a job. Benavides fails to demonstrate that the record compels the conclusion to reverse the agency's denial of his application for cancellation of removal. *See id.* at 1002; *see also* 8 U.S.C. § 1252(b)(4)(B).

**PETITION DENIED.**

The motion for a stay of removal (Dkt. No. 6) is denied. The temporary stay of removal is lifted.

5